**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DOWN CAPE CHARTERS, LLC, AS OWNER OF A 2016 23 FT. GODFREY MARINE HURRICANE SUNDECK MOTOR BOAT, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 1:19-cv-12312 |

**COMPLAINT IN ADMIRALTY FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

NOW COMES Limitation Plaintiff, Down Cape Charters, LLC (hereinafter, the "Limitation Plaintiff"), the owner of the 2016 Godfrey Marine 23-ft Hurricane Sundeck Motor Boat (Hull Identification No.: GDY35702E616; Massachusetts Registration No.: MS 2009 L) (hereinafter, the "Limitation Vessel") in this action for exoneration from or limitation of liability arising from an collision (hereinafter, the "Accident") that occurred on June 20, 2018 during the Limitation Vessel's voyage in Pleasant Bay, Massachusetts (hereinafter, the "Voyage"), and alleges as follows:

**Jurisdiction and Venue**

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure, as the Limitation Vessel has not been attached or arrested, no suit has been commenced against the Limitation Plaintiff and the Limitation Vessel is within this District.

**The Limitation Plaintiff, the Limitation Vessel, and "the Accident"**

3. At all material times, the Limitation Plaintiff was and still is a Limited Liability Company organized under the laws of Massachusetts, with its principal place of business located in Harwich, Massachusetts.

4. The Limitation Vessel is a 2016 Godfrey Marine 23-ft Hurricane Sundeck Motor Boat bearing Hull Identification Number: GDY35702E616 and Massachusetts Registration Number: MS 2009 L.

5. At all material times, the Limitation Plaintiff was and still is the owner of the Limitation Vessel.

6. The Limitation Vessel is currently located within the District of Massachusetts in Orleans, Massachusetts.

7. The Voyage occurred on June 20, 2018 in the waters of Pleasant Bay near Chatham, Massachusetts.

8. On June 20, 2018, Limitation Plaintiff rented the Limitation Vessel to Robert Mazzarese, who was (and is) a reasonably competent, knowledgeable, and experienced boat operator.

9. During the Voyage, Robert Mazzarese was the Limitation Vessel's operator.

10. The Accident occurred after the Vessel encountered a wave that altered the Limitation Vessel's course and caused it to collide with the stern of a 1980 24-ft. Privateer (Hull Identification No.: PVT24013M80F TMO) owned by Blue Claw Boat Tours, LLC.

11. Neither the Limitation Plaintiff, nor any of its employees or agents, were aboard the Limitation Vessel at time of the Voyage or the Accident.

12. Neither the Limitation Plaintiff, nor any of its employees or agents, witnessed the Accident.

13. The Accident occurred without the Limitation Plaintiff's privity or knowledge.

14. At the conclusion of the Limitation Vessel's Voyage, there was no pending freight, but, as a result of the Accident, the Limitation Vessel was damaged.

15. The fair market value of the Limitation Vessel is estimated to be no more than $37,365.00 (U.S.) (A true and correct copy of the Affidavit of Marine Surveyor Stephen Charette is attached to this Petition as its **Exhibit 1**).

16. A day after the Accident, on June 21, 2018, written notice of a potential claim was sent from Blue Claw Boat Tours, LLC to the Limitation Plaintiff, but that notice did not notify the Limitation Plaintiff of any potential claim that would likely exceed the fair market value of the Limitation Vessel. (*See* **Ex. 1**).

17. On or about October 21, 2019, an attorney for Blue Claw Boat Tours, LLC first notified the Limitation Plaintiff of a potential claim that could exceed the fair market value of the Limitation Vessel, via telephone call.

18. Pleasant Bay, off of the coast of Massachusetts, is a part of the navigable waters of the United States, which is subject to federal admiralty jurisdiction.

19. The Accident had the potential to have a disruptive impact on maritime commerce because accidents of the type involved here—a collision between two motor vessels—may, *inter alia*, obstruct the navigable waterway or require rescue efforts that disrupt maritime commerce.

20. The navigation of motor boats on a navigable waterway, like the Limitation Vessel's navigation on Pleasant Bay, is a traditional maritime activity.

### **Limitation Plaintiff's Claim for Exoneration or Limitation**

21. The Limitation Plaintiff files this claim for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501-12.

22. Subject to an appraisal of its interest in the Limitation Vessel, the Limitation Plaintiff herewith deposits with the Court, as security for the benefit of any forthcoming claimants, an *Ad Interim* Stipulation of Value in the amount of Thirty-Seven Thousand, Three-Hundred and Sixty-Five Dollars and 00/100 ($37,365.00) (U.S.), plus interest at six percent (6%) per annum, from the date of the *Ad Interim* Stipulation of Value.

23. The Limitation Plaintiff is also depositing with this Court a Letter of Undertaking, as security for the total value of its interest in the Vessel, in the amount stated in the *Ad Interim* Stipulation of Value

24. In addition, the Limitation Plaintiff is also depositing with the Court, coincident with the filing of its Limitation Complaint, a Stipulation for Costs in the sum of One Thousand Dollars and 00/100 ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

25. At all material times, the Limitation Vessel was seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose, and the Limitation Plaintiff did not have privity or knowledge of the Limitation Vessel's negligence and/or any unseaworthiness of the Limitation Vessel that may have caused or otherwise occasioned the Accident.

26. The Limitation Plaintiff claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any loss or injury arising out of the Accident or coincident with the Voyage.

27. The Accident and all injuries and damages caused thereby or otherwise incurred during or arising from the Accident or coincident with the Voyage were not due to any fault,

negligence, or lack of due care on the part of the Limitation Plaintiff or the Limitation Vessel, nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel. Instead, any injuries, losses, and damages incurred during or arising from the Accident or coincident with the Voyage were due solely to and caused solely by the negligence of others for whom the Limitation Plaintiff cannot be responsible.

28. The Limitation Plaintiff contests liability and the liability of the Limitation Vessel for any injuries, losses, or damages occasioned or incurred during or arising from the Accident or coincident with the Voyage and has valid defenses thereto based upon the facts and law.

29. Although filing the *Ad Interim* Stipulation of Value and corresponding Letter of Undertaking herein, the Limitation Plaintiff expressly denies that it or the Limitation Vessel is liable for any loss, injury, or damage.

30. The Limitation Plaintiff hereby claims and reserves the right to contest in this, or any other court, any claim of liability against either itself, *in personam*, or the Limitation Vessel, *in rem*.

WHEREFORE, Limitation Plaintiff, Down Cape Charters, LLC, prays that this Honorable Court will:

1. Enter an Order approving the above-described *Ad Interim* Stipulation of Value, in the amount of Thirty-Seven Thousand, Three-Hundred and Sixty-Five Dollars and 00/100 ($37,365.00) (U.S.), for which the Limitation Plaintiff deposits a Letter of Undertaking with the Court, as security for the total value of its interest in the Limitation Vessel, and also approving the Stipulation for Costs in the amount of One Thousand Dollars 00/100 ($1,000.00) (U.S.);

2. Issue a notice to all persons asserting claims, with respect to which the Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this

Court and to serve on attorneys for the Limitation Plaintiff a copy thereof and an answer to this Complaint (unless the claim includes an answer so designated) on or before a date to be fixed by the Court;

3. Issue an injunction restraining and enjoining the prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions or proceedings of any nature or description in any jurisdiction against the Limitation Plaintiff as aforesaid or against the Limitation Vessel or against any other property of the Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during the Accident or coincident with the Voyage;

4. Enter judgment in favor of Limitation Plaintiff exonerating it from any loss, damage, injury or liability for any claims in any way arising out of or resulting from the Accident or coincident with the Voyage;

5. If the Limitation Plaintiff shall be judged liable and if it is found to have any interest remaining in the Limitation Vessel, limit its liability to the value of such interest; and

6. Afford to the Limitation Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

__/s/ Beata Shapiro_____

**BEATA SHAPIRO, ESQUIRE**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
260 Franklin Street, 14th Floor
Boston, Massachusetts 02110
Phone: (617) 422-5320
Fax:    (617) 423-6917
Email: beata.shapiro@wilsonelser.com

I-1632545.1

                **CHRISTOPHER A. ABEL,** *Admission Application forthcoming*
                **JUSTIN G. GUTHRIE,** *Admission Application forthcoming*
                WILLCOX & SAVAGE, PC
                440 Monticello Avenue, Suite 2200
                Norfolk, Virginia 23510
                Phone: (757) 628-5500
                Fax: (757) 628-5566
                Email: cabel@wilsav.com
                          jguthrie@wilsav.com
                *Attorneys for the Limitation Plaintiff Down Cape Charters, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

To the best of my knowledge, there are no parties or attorneys who have appeared in this case who require service by U.S. Mail.

*___/s/ Beata Shapiro_____*