# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>Of<br><br>DOWN CAPE CHARTERS, LLC as Owner of A 2016 23 FT. GODFREY MARINE HURRICANE SUNDECK MOTOR BOAT, FOR EXONERATION FROM LIMITATION OF LIABILITY<br><br>Petitioner. | Civil Action No.<br>1:19-cv-12312-RGS<br><br>**ANSWER AND CLAIMS<br>BY BLUE CLAW BOAT TOURS, LLC** |

Claimant, Blue Claw Boat Tours, LLC by its attorneys FARRELL SMITH O'CONNEL AARSHEIM APRANS LLP, as and for its Answer to the Complaint filed by petitioner Down Cape Charters LLC seeking exoneration from or limitation of liability, state upon information and belief as follows:

## ANSWERING COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

1. The allegations contained in paragraph 1 contain legal conclusions to which no response is required.

2. The allegations contained in paragraph 2 contain legal conclusions to which no response is required.

3. Admit the allegations contained in paragraph 3.

4. Admit the allegations contained in paragraph 4.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Deny the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Admit that a claim was submitted but deny the remaining allegations contained in paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Admit the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 contain legal conclusions to which no response is required.

20. The allegations contained in paragraph 20 contain legal conclusions to which no response is required.

21. The allegations contained in paragraph 21 contain legal conclusions to which no response is required.

22. The allegations contained in paragraph 22 contain legal conclusions to which no response is required.

23. The allegations contained in paragraph 23 contain legal conclusions to which no response is required.

24. The allegations contained in paragraph 24 contain legal conclusions to which no response is required.

25. Deny the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 contain legal conclusions to which no response is required.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The amount of security alleged in the Complaint is insufficient and should be increased pursuant to Supplemental Rule F(7) to adequately reflect the value of petitioner's vessel.

## SECOND AFFIRMATIVE DEFENSE

The amount of security alleged in the Complaint is insufficient and should be increased because, *inter alia*, such amount is inadequate to discharge and secure petitioner's liabilities and obligations to claimant and other potential claimants.

## THIRD AFFIRMATIVE DEFENSE

Prior to, and at all times referred to in petitioner's Complaint, petitioner failed to exercise due diligence to make her vessel seaworthy by, *inter alia*, failing to ensure the vessel was operated properly, to ensure that the vessel was properly equipped, and to ensure that it was properly maintained: all of which rendered the vessel unfit and unseaworthy and which render petitioner liable for claimants' damages.

## FOURTH AFFIRMATIVE DEFENSE

Petitioner breached her duty of care under applicable law resulting in the incident complained, and petitioner is liable to the claimants and other potential claimants.

## FIFTH AFFIRMATIVE DEFENSE

The losses, damages, and/or charges and expenses suffered by claimants resulted from faults, causes or omissions within the privity and knowledge of petitioner and/or her agents, employees and/or such persons whose privity and knowledge are imputable to petitioner.

## SIXTH AFFIRMATIVE DEFENSE

Petitioner had knowledge of and personally participated in the events that caused or contributed to claimants' losses and damages, and petitioner is not entitled to protection under 46 U.S.C. §30501 *et seq*.

## SEVENTH AFFIRMATIVE DEFENSE

Claimants reserve the right to allege any further, separate or additional affirmative defenses to petitioner's Complaint.

## BLUE CLAW BOAT TOURS, LLC'S CLAIMS AGAINST PETITIONER JENNIFER SAGER AND THE UNNAMED VESSEL *IN REM*

Claimant, Blue Claw Boat Tours, LLC by its attorneys FARRELL SMITH O'CONNEL AARSHEIM APRANS LLP, as and for their Claims against petitioner Down Cape Charters LLC and the UNNAMED vessel *in rem* allege upon information and belief as follows:

### JURISDICTION

1. This is a proceeding involving admiralty and maritime claims within the meaning of 28 U.S.C.A. §1333, Article III, Section 2 of the United States Constitution, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as hereinafter more fully appears.

### THE PARTIES

2. Down Cape Charters, LLC is a Massachusetts limited liability company and, at all times relevant, owned and/or managed the P/V UNNAMED 2016 23' Godfrey Marine Hurricane Sundeck Motor Boat with a hull identification no.: GDY35702E616.

3. Blue Claw Boat Tours, LLC is a Massachusetts limited liability company and, at all time relevant, owned and/or managed P/V ROAMEO, a 25' Privateer, hull identification no.: PVT24013M80F, Massachusetts registration no.: MS2433RW.

### CLAIMS

4. On June 20, 2018, the UNNAMED and ROAMEO were navigating waters in and around Chatham Harbor.

5. UNNAMED is a rental boat provided to the general public by Down Cape Charters, LLC.

6. ROAMEO is a sightseeing tourist boat with a capacity of 17 passengers that operates in and around the waters of Chatham, Massachusetts.

7. On June 20, 2019 at 1200 hours, the ROAMEO was operating on the east side, north end of Chatham Harbor, well outside the channel.

8. Captain Thomas Leach had shifted the ROAMEO's engines into neutral to attend to the passengers on board the vessel who were viewing the nearby seals on Allen (Minister's) Point.

9. Approximately a minute or two later, a woman was heard to yell "Look out! Turn!".

10. Captain Leach turned to see the UNNAMED collide with the stern of the ROAMEO and over the starboard quarter.

11. Captain Leach observed that the operator of the vessel was a young boy.

12. ROAMEO sustained significant damages to the outboard motor and to the vessel's transom.

13. ROAMEO had to be towed to safety.

14. ROAMEO was out of service until August 3, 2018. When she returned to service it was at limited capacity, 9 passengers, as the repairs from the collision had not been fully completed.

15. As a result of the ROAMEO being out of service, some of Claimant's USCG licensed Captains found employment with other companies. This left Claimant without enough USCG licensed Captains to operate all of the Claimant's vessels for the remainder of the Claimant's tourist season once ROAMEO returned to service.

16. The aforesaid collision was caused by fault, neglect, carelessness, recklessness and/or lack of due care of the UNNAMED.

17. All such acts, omissions and conditions by UNNAMED existed before the collision were all within the privity and/or knowledge of petitioner.

18. The aforesaid collision was due to the unseaworthiness of petitioner's vessel UNNAMED, and such unseaworthiness existed before the collision and was within the privity and/or knowledge of petitioner.

19. Petitioner's and UNNAMED's faults, actions and/or omissions caused the loss to ROMAEO.

20. As a result of petitioner's and UNNAMED faults, actions and/or omissions, Claimant sustained damages of lost profits in the amount of $57,329.28, increased overhead costs to attend to repairs and USCG inspection of the vessel in the amount of $5,768.75 and insurance deductible in the amount of $900 for a total damage claim of $63,998.03.

21. Claimants' damages exceed the value of the undertaking offered by petitioner.

22. Petitioner and UNNAMED, *in rem,* is liable for the claims asserted herein and claimants are entitled to judgment against UNNAMED*, in rem*, and against the Petitioner, *in personal,* and hereby make claims for said judgment and for such other relief as the Court deems just and proper.

23. Claimants reserve their right to amend their damages.

**WHEREFORE**, claimants Blue Claw Boat Tours, LLC prays that:

a. Down Cape Charters LLC's request for Exoneration from or Limitation of Liability be denied in its entirety;

b. In the alternative, Down Cape Charters, LLC be required to post additional financial security to discharge and secure Down Cape Charters, LLC's and UNNAMED's liabilities and obligations to claimants herein and other potential claimants;

c. The Court enter judgment against Down Cape Charters, LLC's and UNNAMED's for the claims of Blue Claw Boat Tours, LLC; and

d. The Court enter judgment against Down Cape Charters, LLC's and UNNAMED's for claimants' attorneys' fees, costs and expenses and such other relief as this Court deemed just and proper.

*Attorneys for claimant*
*Down Cape Charters, LLC*

By: /s/ David S. Smith
David S. Smith, Esq.
BBO No.: 634865
FARRELL SMITH O'CONNELL
AARSHEIM APRANS LLP
27 Congress Street, Suite 109
Salem, MA 01970
Tel: 978-744-8918
E-mail: dsmith@fsofirm.com

CERTIFICATE OF SERVICE

I, David S. Smith, attorney for the claimants herein, hereby certify that I caused to have served a copy of the foregoing document upon all parties of record through the ECF system this 17TH day of January 2019.

/s/ David S. Smith
David S. Smith