IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DOWN CAPE CHARTERS & BOAT RENTALS, INC., AS OWNER OF A 2016 23 FT. GODFREY MARINE HURRICANE SUNDECK MOTOR BOAT, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. : 1:19-cv-12312-RGS |

**LIMITATION PLAINTIFF'S BRIEF IN SUPPORT OF ITS
MOTION FOR ENTRY OF JUDGMENT OF EXONERATION BY DEFAULT**

NOW COMES Limitation Plaintiff, Down Cape Charters & Boat Rentals, Inc. (hereinafter, the "Limitation Plaintiff"), the owner of the 2016 Godfrey Marine 23-ft Hurricane Sundeck Motor Boat (Hull Identification No.: GDY35702E616; Massachusetts Registration No.: MS 2009 L; hereinafter, the "Limitation Vessel"), by counsel, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Rule F(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Court's Notice (ECF No. 10), requiring all claims arising from the collision between the Limitation Vessel and a 1980 25-ft. Privateer (Hull Identification No.: PVT24013M80F, Massachusetts Registration No.: MS 2433 RW) owned by Blue Claw Boat Tours, LLC (hereinafter, "the Accident") in the waters of Pleasant Bay near Chatham, Massachusetts on June 20, 2018 to be made on or before January 17, 2020, and this Court's Order dated January 21, 2020 (ECF No. 17), granting the Limitation Plaintiff's Motion for Entry of Clerk's Default for Non-Appearing Parties and Non-Asserted Claims, now, in support of its instant motion moving this Court for entry of judgment of exoneration by default in favor of the Limitation Plaintiff as to all claims that have not been asserted in this matter and against all non-claiming parties having an interest in this matter for any claim whatsoever associated with the Limitation Vessel or the Accident, and in support thereof, states as follows:

I-1671793.1

**FACTUAL AND PROCEDURAL BACKGROUND**

The Limitation Plaintiff owns the Limitation Vessel—a 2016 Godfrey Marine 23-ft Hurricane Sundeck Motor Boat (Hull Identification No.: GDY35702E616; Massachusetts Registration No.: MS 2009 L). On or about June 20, 2018, a collision between the Limitation Vessel and a 1980 25-ft. Privateer (Hull Identification No.: PVT24013M80F, Massachusetts Registration No.: MS 2433 RW) owned by Blue Claw Boat Tours, LLC (hereinafter, "the Accident") occurred in the waters of Pleasant Bay near Chatham, Massachusetts.[1]

On November 12, 2019, the Limitation Plaintiff filed a Complaint in Admiralty, pursuant to 46 U.S.C. §§ 30501 *et seq.*, claiming the right of exoneration from or limitation of liability for any and all claims arising from the Accident. A Notice of Complaint in Admiralty for Exoneration From or Limitation of Liability was duly entered by the Court on November 13, 2019. The Notice directed all persons having claims arising out of the Accident to file a claim with the Clerk of this Court on or before January 17, 2020 or be defaulted. As of January 17, 2020, only Blue Claw Boat Tours, LLC responded to the Court's Notice and made a claim.

On January 21, 2020, in light of the failure of any other party to file a claim in this action, and pursuant to Rule 55(a), in response to the Limitation Plaintiff's Motion for Entry of a Clerk's Default for Non-Appearing Parties and Non-Asserted Claims, this Court granted that Motion and ordered default against those non-appearing parties and non-asserted claims (ECF No. 17). Attached to this Brief as its **Exhibit 1** is an Affidavit of Krzysztof Roszak, verifying allegations contained in the Limitation Complaint.

**SUPPORT**

---

[1] Blue Claw Boat Tours, LLC's vessel involved in the collision on June 20, 2018, the *ROAMEO,* was and is a 25-foot Privateer motor vessel, not a 24-foot motor vessel. (*See* ECF No. 13 at p. 5).

Default judgment generally is proper as to potential claimants who have not responded to newspaper publication of a court's notice to assert claims by a certain date, or who seek to bring new or amended claims long after the deadline for filing them has passed. *See, e.g. American Commercial Lines v. U.S.*, 746 U.S. F.2d 1351 (8th Cir. 1984); *Complaint of Kirby Inland Marine*, 365 F. Supp. 2d 777 (M.D. La. 2005). In *R.M.S. Titanic, Inc.*, the United States District Court for the Eastern District of Virginia noted such default judgment in a maritime salvage action as follows:

> Concerning other potential claimants who failed to heed the notice provided in the publication announcement of the in rem action, the Court ordered "that default judgment is entered against all potential claimants who have not yet filed claims and such claims are therefore barred and precluded so long as (RMST) remains salvor in possession . . . .

*R.M.S. Titanic, Inc., v. Wrecked & Abandoned Vessel,* 9 F. Supp. 2d 624, 626 (E.D. Va. 1998). (citations to previous order omitted).[2] The *Titanic* was, among other things, an *in rem* vessel arrest of the TITANIC shipwreck by one would-be salvor. *See id.* Pursuant to Supplemental Rule C(4), the plaintiff gave notice of the arrest to other potential salvors by publishing notice in newspapers. The notice stated a time for filing of "a statement of interest in or right against the seized property and to answer." *Id.* at 626.

For its part, the Limitation Plaintiff followed the analogous notice by publication as set forth in Supplemental Rule F(4). And the Limitation Plaintiff published the Court's Notice to all potential claimants in a newspaper of general circulation—the *Cape Code Times*—for four weeks and the undersigned mailed the Court's Notice and a copy of the pertinent documents to the only entity believed to be a potential claimant—Blue Claw Boat Tours, LLC—on November

---

[2] The prior and subsequent history of the *Titanic* case is extensive and complicated and, therefore, not cited. The undersigned counsel understands the quoted aspect—default judgment as to potential claimants that did not file claims by date on the published notice—was not an aspect of the case that was challenged in the case's subsequent history and appeal.

15, 2019, the contents of which are incorporated into this Brief by reference. Such notice by publication and mailing to the potential claimants' last known address satisfies due process as to any potential claimants and claims in relation to the Accident; as it is, no other potential claimants are known and no other claimants have come forth and the period for their doing so expired on January 17, 2020, pursuant to this Court's Notice.

Although default judgment against non-appearing parties may seem unusual, doing so in this instance is wholly consistent with the underlying policy of limitation actions under the General Maritime Law and the federal Limitation of Liability Act. A limitation action such as this allows a vessel owner to bring all claims against it and the vessel together under a *concursus* of claims. Default judgment as to all potential claims clarifies and gives finality to the resolution of the subject matter of such a proceeding.[3] Additionally, a default judgment as to potential claims not timely asserted gives effect to the language in Supplemental Rule F(2), which authorizes a limitation of liability complaint to "demand exoneration from as well as limitation of liability." Fed. R. Civ. P. Adm. Supp. (F)(2). A default judgment against any and all potential claimants essentially is a judgment of exoneration as to those potential, as-yet unidentified and non-claiming claimants.

In sum, entry of default is proper under Rule 55(a) when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). As shown by the record, any parties wishing to make a claim with respect to the Limitation Vessel and/or the Accident had to file a claim by January 17, 2020, or be defaulted. (ECF No. 10). That deadline has passed. As a result, the Limitation Plaintiff, by motion, requested the

---

[3] This same policy and need for finality applies in other contexts, such as that involving real property, where potential claims against the subject property not asserted by the date established by the court can be subject to default judgment as long as notice properly was made by publication.

entry of default by the Clerk of this Court, which default was Ordered against all non-appearing and non-claiming potential claimants by this Court through its electronic Order dated January 21, 2020 (ECF No. 17). And any claims not yet asserted against the Limitation Plaintiff are now foreclosed by operation of this Court's Notice, proper publication, and the entry of Default. (*See* ECF No. 18); *see also Titanic*, *supra*, at 626. Additionally, by virtue of the Affidavit of the Limitation Plaintiff, Limitation Plaintiff has presented unrebutted evidence to this Court entitling the Limitation Plaintiff to exoneration from liability in connection with any such claims. A proposed Order is submitted and attached to this Brief as its **Exhibit 2**.

## CONCLUSION

The Federal Limitation of Liability Act entitles the Limitation Plaintiff to exoneration from liability for claims arising out of the Accident, provided that the Limitation Plaintiff satisfies the procedural predicates set forth under the Supplemental Admiralty Rules. The Limitation Plaintiff has now done so and, as a result, it is entitled to entry of Judgment of Exoneration by Default against all non-appearing and non-claiming parties in this case.

WHEREFORE, the Limitation Plaintiff, Down Cape Charters & Boat Rentals, Inc., prays that this Court:

(a) enter Judgment of Exoneration by Default in its favor as to all claims that have not been asserted in this matter and against all other non-appearing parties having an interest in this matter for any claim whatsoever associated with the Accident;

I-1671793.1

(b) award the Limitation Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

　　　//s//　　　　　　　　　　　　
**BEATA SHAPIRO, ESQUIRE**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
260 Franklin Street, 14th Floor
Boston, Massachusetts 02110
Phone: (617) 422-5320
Fax:　　(617) 423-6917
Email: beata.shapiro@wilsonelser.com

**CHRISTOPHER A. ABEL,** *Admitted Pro Hac Vice*
WILLCOX & SAVAGE, PC
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Phone: (757) 628-5500
Fax: (757) 628-5566
Email: cabel@wilsav.com
*Attorneys for the Limitation Plaintiff*
*Down Cape Charters & Boat Rentals, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 26th day of February 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

  To the best of my knowledge, there are no parties or attorneys who have appeared in this case who require service by U.S. Mail.

              //s//
              Beata Shapiro

# EXHIBIT 1

I-1671793.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DOWN CAPE CHARTERS & BOAT RENTALS, INC., AS OWNER OF A 2016 23 FT. GODFREY MARINE HURRICANE SUNDECK MOTOR BOAT, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. : 1:19-cv-12312-RGS |

## AFFIDAVIT OF KRZYSZTOF ROSZAK

I, Krzysztof Roszak, being duly sworn, submit the following affidavit:

1. My name is Krzysztof Roszak. I am over the age of 18 and competent to make this Affidavit.

2. I am the President of the Limitation Plaintiff, Down Cape Charters & Boat Rentals, Inc., the owner of the 2016 Godfrey Marine 23-ft Hurricane Sundeck Motor Boat (Hull Identification No.: GDY35702E616; Massachusetts Registration No.: MS 2009 L; hereinafter, the "Limitation Vessel"), which is the subject of the Complaint for Exoneration from or Limitation of Liability filed in the above-captioned case.

3. I have read the aforementioned Complaint for Exoneration from or Limitation of Liability and the Notice of Misnomer and Request to Change Caption (ECF No. 20), and I am familiar with the facts and allegations recited in the Limitation Complaint.

4. At all material times prior to the Limitation Vessel's collision on or about June 20, 2018, the Limitation Vessel was seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose. In addition, any injuries or damages arising from the Limitation Vessel's collision on or about June 20, 2018 with a 1980 25-ft. Privateer (Hull Identification No.: PVT24013M80F, Massachusetts Registration No.: MS 2433 RW)

I-1671816.1

owned by Blue Claw Boat Tours, LLC were occasioned and incurred without my privity or knowledge.

And further the affiant sayeth not.

_____
**KRZYSZTOF ROSZAK**
**Owner of the Limitation Vessel**

**COMMONWEALTH OF MASSACHUSETTS, CITY / COUNTY OF** Barnstable
**to wit:**

On this 25 day of Feb, 2020, before me, a notary in and for the Commonwealth of Massachusetts in the City or County aforesaid, personally appeared Krzysztof Roszak who:

____ is personally known to me, or  ✓  has produced Drivers License
as identification, appeared before me, a notary in and for the Commonwealth of Massachusetts, and being duly sworn, executed the foregoing Affidavit and acknowledged the Affidavit to be his free and voluntary act and deed.

IN WITNESS WHEREOF I have hereunto set my hand and official seal, this day and year first written above.

_____
Notary Public

Notary Registration Number: _____NA_____

My Commission Expires: __11/23/2023__

HEATHER PUOPOLO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 23, 2023

# EXHIBIT 2

I-1671793.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| |  |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DOWN CAPE CHARTERS & BOAT RENTALS, INC., AS OWNER OF A 2016 23 FT. GODFREY MARINE HURRICANE SUNDECK MOTOR BOAT, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. : 1:19-cv-12312-RGS |

## **ORDER OF JUDGMENT OF EXONERATION BY DEFAULT**

This matter is before the Court on Limitation Plaintiff's Motion for Entry of Judgment of Exoneration by Default against all potential claimants and claims not timely asserted.

On November 12, 2019, the Limitation Plaintiff filed in this Court a Complaint for Exoneration From or Limitation of Liability pursuant to the Limitation of Liability Act. A Notice of Complaint in Admiralty for Exoneration From or Limitation of Liability was duly entered by the Court on November 13, 2019. The Court's Notice directed potential claimants to file their claims arising from a collision between a 2016 Godfrey Marine 23-ft Hurricane Sundeck Motor Boat (Hull Identification No.: GDY35702E616; Massachusetts Registration No.: MS 2009 L; hereinafter, the "Limitation Vessel") and a 1980 25-ft. Privateer (Hull Identification No.: PVT24013M80F, Massachusetts Registration No.: MS 2433 RW) owned by Blue Claw Boat Tours, LLC (hereinafter, "the Accident") in the waters of Pleasant Bay near Chatham, Massachusetts on June 20, 2018 with the Clerk of this Court, in the United States District Court for the District of Massachusetts, and serve on or mail to the Limitation Plaintiff's counsel a copy thereof on or before January 17, 2020, or be defaulted. As of this date, only Blue Claw Boat Tours, LLC has filed a claim. No other parties have filed claims or otherwise responded to this Court's Notice.

I-1671794.1

In light of the failure of any other party to file a claim in this action, pursuant to Fed. R. Civ. P. Rule 55, the Court ordered the Clerk to enter a Default against Non-Appearing Parties and Non-Asserted Claims on January 21, 2020. And on February 21, 2020, the Limitation Plaintiff filed with this Court an Affidavit of Krzysztof Roszak, verifying allegations contained in the Limitation Complaint on behalf of the Limitation Plaintiff, and re-affirming that at all material times prior to the Accident, the Limitation Vessel was seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose, as well as re-affirming that any damages arising from the Accident were occasioned and incurred without the Limitation Plaintiff's privity or knowledge.

In view of the foregoing, the Limitation Plaintiff's instant motion is **GRANTED**. A Judgment of Exoneration by Default hereby is entered in favor of the Limitation Plaintiff as to all claims that have not been asserted in this matter and against all other non-claiming parties having an interest in this matter for any claim whatsoever associated with the Accident, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, owing to the failure of any such parties to file a claim or answer in this action and the evidence presented to this Court by means of the aforementioned Affidavit of Krzysztof Roszak on behalf of the Limitation Plaintiff.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Limitation Plaintiff.

SO ORDERED. This the ____ day of _____, 2020.

_____
United States District Judge

I-1671794.1